In re Dennis Ray DUNCAN, Carolyn Ann Duncan, Debtors.

SOUTHERN STATES MADISONVILLE COOPERATIVE, INC., Plaintiff,

v.

Dennis Ray DUNCAN, Carolyn Ann Duncan, Defendants.

Bankruptcy No. 48200103.
Adv. No. 4820031.

United States Bankruptcy Court,
W.D. Kentucky.

June 17, 1983.

---

Flem Gordon, Owensboro, Ky., for plaintiff.

Stewart B. Elliott, Owensboro, Ky., for defendant.

Phillip G. Abshier, Owensboro, Ky., trustee.

## MEMORANDUM AND ORDER

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

This nondischargeability action in a farm bankruptcy came to trial in the Owensboro Division in January. The trial lasted only twenty minutes. Credit is due counsel for not overcomplicating a clear and simple set of facts.

Dennis and Carolyn Duncan filed bankruptcy in March, 1982. Among their debts was the one to this plaintiff, Southern States Madisonville Cooperative, Inc., in the amount of $41,615.00. A note in that amount dated July 14, 1983, was secured by 500 acres of corn.

The loan was obtained for seed, fertilizer and chemicals, and to retire preexisting debt. No fraud is asserted in obtaining the money.

Plaintiff alleges that the secured crop was wrongfully converted—an allegation which, if proven, would result in the $41,615.00 debt surviving this bankruptcy proceeding by virtue of 11 U.S.C. § 523(a)(6).

The Madisonville area was struck by a severe drought during the 1980 crop year. Corn production on the Duncan farm, located in that area, dropped from a projected yield of 135 bushels to an actual 15 bushels per acre. What corn survived the drought was fed to hogs on the farm, along with other feed bought by the Duncans to supplement the failed crop. The fattened hogs were later taken by the Production Credit Association and local banks to satisfy their secured debts. To that extent, the Duncans are innocent even of "technical" conversion; it cannot be said that they realized any pecuniary benefit from the proceeds of this loan. Duncan testified that he lost $350,000.00 as a result of the 1980 drought.

Our result might have been altered had it been shown that Duncan had even indirectly benefitted from the loan; for example, by selling the hogs and pocketing those proceeds. But no such allegation was even made. The simple fact is that the security of this plaintiff was rendered worthless—or at least diminished in value by 90 percent—by an unanticipated caprice of nature. For such *force majeure* vicissitudes bankruptcy law provides no remedy.

We therefore find that no conversion occurred, and that the debt of Dennis and Carolyn Duncan to Southern States Madisonville Cooperative, Inc., is dischargeable in bankruptcy. This memorandum constitutes our findings of fact and conclusions of law, and is a final order.